NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 11 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50138 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00498-FMO-1 |
| v. | |
| DAVID PHILLIPS, AKA David John Phillips, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Argued and Submitted June 10, 2019
Pasadena, California

Before: WARDLAW, BYBEE, and OWENS, Circuit Judges.

David Phillips appeals from his jury conviction for conspiracy to use

interstate commerce facilities in the commission of a murder-for-hire in violation

of 18 U.S.C. § 1958. Specifically, Phillips challenges the district court's decision

to grant the government's motion in limine to exclude any evidence relating to

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Phillips' kidney disease.[1]  As the parties are familiar with the facts, we do not recount them here.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court abused its discretion in excluding all evidence relating to Phillips' medical condition as irrelevant and unduly prejudicial.  *See United States v. Torres*, 794 F.3d 1053, 1059 (9th Cir. 2015) (stating the standard of review); *see also* Fed. R. Evid. 402, 403.  Phillips sought to rebut the government's argument that his muted reaction to his co-conspirator, David Suiaunoa, informing him of the victim's (staged) murder demonstrated that he previously entered into a murder-for-hire agreement.  The evidence of Phillips' kidney disease was relevant to his defense that he was fatigued and confused during this encounter.  The evidence was also relevant to Phillips' assertion that he did not confront Suiaunoa, who is much larger than Phillips and has a history of violence, because he feared that Suiaunoa would assault him and dislodge the fistula device in his arm that aids with dialysis, causing serious bodily harm.  Any danger that the medical condition evidence would generate sympathy for Phillips could have been dealt with by sanitizing the evidence.  *See United States v. Boulware*, 384 F.3d 794, 808 (9th Cir. 2004).

However, the error was harmless because the jury had a substantial amount

---

[1]    In a concurrently filed opinion, we conclude that Phillips' offer to forgive a legally unenforceable debt satisfies the pecuniary value requirement of § 1958.

of additional evidence to convict.  *See United States v. Stever*, 603 F.3d 747, 754 (9th Cir. 2010) (explaining that a defendant must "show a likelihood that the outcome would have been different if the material had been disclosed" to win reversal of the conviction).

Phillips' constitutional challenges also fail.  The evidentiary exclusion did not violate Phillips' right to present a complete defense because the evidence was not his only avenue to present his defense theory.  *See Torres*, 794 F.3d at 1062-63 (determining that a defendant was not denied his right to present a complete defense where "the district court did not preclude [the defendant] from proffering an affirmative defense").  In addition, the district court did not deprive Phillips of his right to testify in his own defense because Phillips could have testified, but chose not to, and the evidentiary exclusion did not significantly impair his defense.  *See United States v. Scheffer*, 523 U.S. 303, 315 (1998) (stating that there is constitutional error only if the exclusion of evidence "significantly undermined fundamental elements of the defendant's defense").

**AFFIRMED**.